IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 04 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-03021-BNB

BARBARA FREEMAN, #105776,

    Plaintiff,

v.

COLO. DEPT. OF CORR. (C.D.O.C.)/DENVER WOMEN'S CORR. FAC. (D.W.C.F.),
ARISTEDES W. ZAVARAS, Executive Director,
TRAVIS TRANI, Warden, D.W.C.F.,
ARTHUR CHAVEZ, Major, Internal Cust.,
ROMONA AVANT, Capt., Internal Cust.,
GAYLE ROSS, Lt., Units 1,2,3,
JAMES HOWARD, Srgt., Unit 2,
STANLEY JERIDO, C/O, Unit 2, and
MEDICAL STAFF, D.W.C.F.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Barbara Freeman, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. On February 16, 2010, pursuant to the Court's order entered on December 30, 2009, Ms. Freeman, acting *pro se*, submitted a Prisoner Complaint pursuant to 42 U.S.C. § 1983. Ms. Freeman also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that Magistrate Judge Boyd N. Boland granted on February 17, 2010.

The February 17 Order requires Ms. Freeman to pay the full amount of the $350.00 filing fee in installments and directs her to pay an initial partial filing fee of $74.00 within thirty days or to show cause why she has no assets and no means to pay

the initial fee by filing a current certified copy of her trust fund account statement. The Order warns Ms. Freeman that if she fails to have the initial partial filing fee sent to the Clerk of the Court by the designated deadline or to show cause why she has no assets and no means by which to pay the initial fee the Complaint would be dismissed without further notice.

On March 22, 2009, Ms. Freeman submitted a pleading titled "Motion for Review/and Current Filing Fees Applied as Per Bank Statement to Follow ASAP." In the Motion, Ms. Freeman states that she does not have $74.00 and has asked her case manager for a new account statement to submit to the Court showing her new account balance. Magistrate Judge Boland entered a minute order on March 24, 2010, construing the March 22 Motion as a request for an extension of time to comply with the February 17 Order and granting Ms. Freeman an extension of thirty days to submit the new statement. Ms. Freeman was instructed that if she failed to submit a certified copy of her trust fund account statement within thirty days the action would be dismissed without further notice.

Ms. Freeman filed a Motion for Abeyance on March 26, 2010, seeking a forty-five day abeyance in proceeding with this action and claiming that she is unable to see due recent eye surgery and consequently is unable to write, read, or type. Magistrate Judge Boland denied the Motion finding that the submission of a certified account statement, which is the only document required to be provided to the Court at this time, does not require Mr. Freeman to read, write, or type. Subsequent to Magistrate Judge Boland denying the Motion for Abeyance, Ms. Freeman filed a Motion for Appointment of

Counsel, a Motion for Temporary Restraining Order, and a Motion for Immediate Assistance/Preliminary Injunction.

Finally, on April 28, 2010, Ms. Freeman submitted a current certified copy of her trust fund account statement and an Amended Prisoner Complaint. Attached to the account statement is a letter, in which Ms. Freeman states that, although her account statement indicates she has a current balance of $244.27, she borrowed $200.00 in December that she now has to return, and the statement does not include the charges she incurred for the eight copies of the Amended Complaint that she submitted to the Court on April 28.

Apparently Ms. Freeman is requesting that the Court waive the $74.00 initial partial filing fee based on the above assertions. Prisoners are subject to filing fee payments based on the requirements set forth in 28 U.S.C. § 1915. Pursuant to § 1915(a)(2) a prisoner is required to submit to the Court a certified trust fund account statement along with a motion seeking leave to proceed *in forma pauperis* so that the Court may determine the amount of money a prisoner is able to pay as an initial payment. Nothing in the account statement dated April 20, 2010 shows that Ms. Freeman is unable to pay the $74.00 initial partial filing fee.

Furthermore, over the past two months, after Ms. Freeman was directed to pay an initial partial filing fee, she has spent at least $120.00 at the canteen. Although Ms. Freeman indicates that she was given $200.00 in December 2009 because she was too ill to go to the dining hall to eat in December and her food had been taken from her, the $120.00 in purchases at the canteen were not incurred in December. The Court further notes that at the time Ms. Freeman received the $200.00 in December she had over

3

$300.00 in her account resulting in a balance of over $500.00. As for the $25.00 that Ms. Freeman paid for the eight copies of the Amended Complaint, such copies were not requested or required by the Court.

Based on the above findings, the Court does not find support for waiving the initial partial filing fee. *See Shabazz v. Parsons*, 127 F.3d 1246, 1249 (10th Cir. 1997) ("Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state.") (quoting *Roller v. Gunn*, 107 F.3d 227, 233 (4th Cir. 1997). If a court order requires partial payment of a filing fee, the Federal Rules of Civil Procedure allow a district court to dismiss the action for failure to comply with the order. *See Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because Ms. Freeman has failed either to pay the initial partial filing or to show cause why she has no assets and no means by which to pay the initial fee. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  3rd  day of  May , 2010.

BY THE COURT:

 s/Philip A. Brimmer  
PHILIP A. BRIMMER  
United States District Judge, for  
ZITA LEESON WEINSHIENK, Senior Judge  
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-03021-BNB

Barbara Freeman
Prisoner No. 105776
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/4/10

                                       GREGORY C. LANGHAM, CLERK

                                       By: _____
                                                Deputy Clerk